PETER ROBINSON *vs.* SAMUEL C. BAILEY *et als.*

A motion to revive an equity case against an incoming respondent cannot be made after the complainant is dead, and before some other person appears on the record to prosecute the case. Pub. Stat. R. I. cap. 192, § 14; Equity Rule 37. Such a motion should be made after the record shows a complainant in whose favor the suit can be revived.

BILL IN EQUITY to remove a cloud on the title to realty and for on account. On motion to revive the suit.

*Providence, December* 5, 1891. MATTESON, C. J. This is a motion to revive a suit in equity.

Upon the decease of Samuel C. Bailey, an original respondent, the cause was revived against his widow and heir at law. The name of the widow was stated to be *Sarah B.* Bailey instead of *Susan C.* Bailey, her true name. She appeared and answered, but without waiving the defect. The deceased left a will, which had not been admitted to probate at the time the order of revivor was entered. This will has since been proved and allowed, and letters testamentary upon it have been issued to the widow, the said Susan C. Bailey, who is also the devisee named in the will. Since the entry of the order of revivor referred to, the complainant has died. Motion is now made in behalf of his heirs at law and his administratrix that the cause be revived as against the said Susan C. Bailey as the executrix of the will of said Samuel C. Bailey, and also, individually, on account of the defect by reason of the error in her name.

The motion is objected to upon the ground that, the complainant having died, there is no party upon the record, as yet, in whose favor the suit is to be revived. We think the motion is premature. *Peyton's Adm'r* v. *McDowell*, 3 Dana, Ky. 314. Pub. Stat. R. I. cap. 192, § 14, is as follows: "No supplemental bill or bill of revivor shall be necessary in equity, but the court, by general rule or by special order, may provide for the introduction of any supplementary matter into the suit by way of addition to or amendment of the bill, and for entering upon the record the decease of

any party, and for bringing in the heirs, personal representatives, and others interested." Rule 37 in equity provides that, " when circumstances make proper a bill of revivor, or supplemental bill, or bill in the nature of either or both, or the joinder of additional or different parties, the requisite allegations may be made by way of amendment to the original bill ; and service on any new parties, as in the case of an original bill and service of copies of the amendments on all defendants affected thereby, shall entitle the plaintiff to proceed as on an original bill." Under the provisions of the statute and the rule in pursuance thereof, which we have quoted, the persons in whose behalf the present motion is made should first enter their appearance, and move to amend the bill by setting forth the decease of the original complainant, their interest in the subject of the suit and the manner in which it accrued, and by making themselves parties complainant in place of the original complainant. When the bill has thus been amended, they will be in a position to make a motion like the present.

*Motion denied and dismissed.*

*George W. Carr & Patrick J. Galvin,* for the motion.

*William P. Sheffield & William P. Sheffield, Jun., contra.*